**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GARY GASTON, individually and as | ) | |
| Special Administrator of the Estate of | ) | |
| NOEL GASTON, | ) | |
| | ) | CASE NO.: 10-CV-03244 |
| | ) | |
| Plaintiff, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL HYPOLITE, OZARK MOTOR | ) | |
| LINES, INC., and CHRISTOPHER ARNETT, | ) | |
| Individually and as agent and servant of | ) | |
| OZARK MOTOR LINES., INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion for summary judgment [11] filed by Defendant Ozark Motor

Lines, Inc. (hereinafter "Ozark"). For the foregoing reasons, Ozark's motion [11] is granted and

judgment is entered for Ozark and against Plaintiff.

**I.      Background[1]**

On April 24, 2009, Noel Gaston died in a car accident on Interstate 24 in Rutherford

County, Tennessee. On April 21, 2010, Plaintiff Gary Gaston[2] filed a petition in the Cook

County Circuit Court to appoint himself as a special administrator of Noel's estate. In the

---

[1] The Court takes the relevant facts from the complaint and Ozark's memorandum in support of its motion for summary judgment [12]. The Court notes that Ozark has not filed a statement of facts in accordance with Local Rule ("L.R.") 56.1, but exercises its discretion to excuse Ozark from its obligation to file a L.R. 56.1 statement. See, *e.g*. *Hare v. Custable*, 2009 WL 3647045, *1 (N.D. Ill. Aug. 31, 2009) (citing *Riemma v. Bekins Van Lines Co.*, 1996 WL 99899, at *1 n. 2 (N.D. Ill. Feb.29, 1996)). Here, the resolution of the instant motion requires consideration of the pleadings and only a few publicly-filed documents; the facts are few and would largely not be amenable to dispute.

[2] For ease of reference and to avoid confusion, the Court will refer to Plaintiff Gary Gaston and Noel Gaston by their first names where appropriate.

petition, Gary claimed that the only asset of decedent's estate would be a wrongful death action. The petition also stated that "Gary Gaston is the husband of the decedent, and is qualified and willing to act as Special Administrator herein in order to pursue this action."  Following an ex parte hearing, on April 21, 2010 the Circuit Court entered an order appointing Gary as Special Administrator for the purpose of pursuing a cause of action under the Wrongful Death Act, 740 ILCS 180-21.

Gary filed his complaint in the Circuit Court the same day.  The complaint alleges that Noel was fatally injured when the vehicle in which she was riding struck a tractor-trailer truck parked along the shoulder of the roadway.  [See Notice of Removal of. Complaint [1] at ¶¶ 30-31].  The complaint alleges that the truck was being operated by Christopher Arnett, an employee of Defendant Ozark Motor Lines, Inc., and that Arnett's negligence proximately caused Noel's injuries and death.  [*Id*.].  The complaint seeks damages pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/0.01.  Count IV of the complaint seeks relief for Noel's alleged pain and suffering (prior to her death) under the Survival Act, 755 ILCS 5/27-6.  Gary also alleges that he individually has incurred various debts and obligations as a result of Noel's injuries and death including medical bills and funeral expenses to which he is entitled as the decedent's husband under the Family Expenses Act, 750 ILCS 65/15.  [*Id*. at ¶ 35].

However, unbeknownst to the Circuit Court of Cook County when it appointed Gary to be Special Administrator of Noel's estate, Gary was *not* Noel's husband at the time of her death. In fact, the Circuit Court of Cook County had entered a judgment for dissolution of the marriage between Gary and Noel three years earlier, on May 1, 2007.

Ozark removed this action pursuant to this Court's diversity jurisdiction on May 26, 2010.  The instant motion was filed on July 13, 2010 and Plaintiff was given until August 12,

2010 to file a response.  Plaintiff did not respond.  Plaintiff failed to appear at a status hearing held on September 23, 2010, after which the court warned that would proceed on the basis of Defendant's motion and supporting materials alone [21], which it has now done.  See *Visco Fin. Servs., Ltd. v. Siegel*, 2009 WL 1563853, at *2 (N.D. Ill. June 4, 2009) (holding that because the non-moving party has not responded to the motion for summary judgment, despite having the opportunity to do so, the moving party's statement of undisputed facts is deemed admitted).

## II.  Summary Judgment Standard

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party."  *Foley v. City of Lafayette, Ind.*, 359 F.3d 925, 928 (7th Cir. 2004).  To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted).  A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248.  The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact.  See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Id.* at 322.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

**III.    Analysis**

Federal Rule of Civil Procedure 17(b) provides that the capacity to sue is determined by the law of the state where the court is located, in this case Illinois. The Illinois Wrongful Death Act provides that only the surviving *spouse* of or the next of kin of the decedent may recover under its provisions. 740 ILCS 180/2 (emphasis added). The Wrongful Death Act also provides that "[i]n the event that the only asset of the deceased estate is a cause of action arising under this Act *** the court, upon motion of any person *who would be entitled to a recovery* under this Act *** may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action." 740 ILCS 180/2.1 (emphasis added).

Because Gary was divorced from Noel prior to her death, Gary does not qualify under the Wrongful Death Act as a member of the class of persons who may recover damages; accordingly, he was not authorized to file a motion seeking the appointment of special administrator of Noel's estate. It appears that the Circuit Court of Cook County appointed Gary on the basis of a misrepresentation in Gary's petition. Because Gary in fact did not qualify as a special administrator under the Act, the Circuit Court had no jurisdiction to enter the order appointing him as one. A court's order is void *ab initio* if it was obtained by fraud or if the court had no jurisdiction to enter it. *Daniels v. USS Agri-Chemicals*, 965 F.2d 376, 382 (7th Cir. 1992) (citing *Green v. Wilmot Mountain, Inc.*, 415 N.E.2d 1076, 1078 n.2 (Ill. App. Ct. 1st Dist. 1980), and *Federal Sign & Signal Corp. v. Czubak*, 372 N.E.2d 965, 967 (Ill. App. Ct. 1st Dist. 1978)).

4

As Gary's appointment as special administrator of Noel's estate is void, he lacks capacity to pursue this claim.[3]

Similarly, Gary lacks capacity to sue for damages under the Illinois Family Expenses Act, 750 ILCS 65/15. The Act provides that the "expenses of the family *** shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefore***." Generally, under the Family Expenses Act, a surviving spouse can sue personally for expenses incurred for funeral and burial of the deceased, including loss of income resulting from making arrangements for the funeral and attending the funeral. See *Gates v. Chicago & E. I. R. Co.*, 227 F. Supp. 652, 652-53 (N.D. Ill. 1964) (interpreting Illinois Family Expenses Act). However, because Gary was not Noel's husband at the time of her death, the plain language of the Act precludes Gary from suing in his own personal capacity for those and similar costs.

Finally, Gary seeks relief for Noel's alleged pain and suffering (prior to her death) under the Survival Act, 755 ILCS 5/27-6. Gary brings this claim "as Special Administrator of the Estate of NOEL GASTON." [Compl. at ¶¶ 40-41]. Because this Court has found Gary's appointment to be void *ab initio*, summary judgment is proper on this Count as well. Only a proper administrator or executor of decedent's estate can maintain an action on behalf of a decedent under the Survival Act. See, *e.g. Wilmere v. Stibolt,* 504 N.E.2d 916, 918 (1st Dist. 1987) ("only the administrator or executor of a decedent's estate, and not the decedent's survivors, can maintain an action on behalf of the decedent under the Survival Act."); *Wasleff v. Dever*, 550 N.E. 2d 1132, 1135 (1st Dist. 1990) (same).

---

[3] The Court notes that it is empowered to recognize that the Circuit Court's appointment of Gary as special administrator is void by operation of law, and that, in so doing, this Court is not undertaking an impermissible "appellate" reversal of a state court decision. See, *e.g. Estate of Johnson by Castle v. Village of Libertyville*, 819 F.2d 174, 176 (7th Cir. 1987) (federal court which determined that, under Illinois law, grant of special administration was void so that administrators had no standing as special administrators to seek damages under federal civil rights statute did not improperly reverse state court decision appointing the special administrators).

**IV.    Conclusion**

For the foregoing reasons, Ozark's motion for summary judgment [11] is granted and judgment is in favor of Ozark and entered against Plaintiff.

Dated:  October 18, 2010

_____
Robert M. Dow, Jr.
United States District Judge